# In the Matter of the Estate of Llewellyn Davies, Deceased.

## A. C. Rice, Administrator, Appellee, v. John W. Davies et al., Appellants.

### (Not to be reported in full.)

Appeal from the County Court of Morgan county; the Hon. WILL-
IAM E. THOMSON, Judge, presiding. Heard in this court at the October
term, 1915. Affirmed. Opinion filed April 21, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

## Statement of the Case.

Petition by A. C. Rice, administrator of the estate of Llewellyn Davies, deceased, complainant, against John W. Davies *et al.*, defendants, for leave to sell real estate. After a judgment ordering the sale of certain real estate for the payment of debts, defendants filed a petition in the nature of a bill of review to secure the setting aside of such decree.

NEIGER & GORDLEY, for appellants; J. J. NEIGER, of counsel.

JULIAN P. LIPPINCOTT, BELLATTI, BELLATTI & MORIARTY and KIRBY, WILSON & BROCKHOUSE, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 236*—*when claims barred.* Where more than one year has elapsed after letters of administration are granted, all claims not filed at the date of the filing of a petition for leave to sell land to pay debts are barred.

2. EXECUTORS AND ADMINISTRATORS, § 402*—*what unfiled claims need not be set out in petition for leave to sell real estate.* It is unnecessary to set out in a petition by an administrator for leave to sell real estate to pay debts an estimate of the amount of just claims to be presented, where all claims not filed are barred because more than one year has expired between the date of the granting of letters of administration and the filing of the petition.

3. EXECUTORS AND ADMINISTRATORS, § 420*—*who need not be made parties to petition for leave to sell real estate.* Persons who have filed claims against an estate need not be made parties to a petition by an administrator for leave to sell real estate to pay debts.

4. APPEAL AND ERROR, § 876*—*what abstract must contain.* The question whether a verification to a petition by an administrator for leave to sell real estate is properly verified cannot be considered on appeal by bill of review, where the verification nowhere appears in the abstract.

5. EXECUTORS AND ADMINISTRATORS, § 29*—*who may not nominate*

*administrator.* Nonresidents may not nominate an administrator nor act as such.

6. EXECUTORS AND ADMINISTRATORS, § 41*—*how appointment of administrator may be attacked.* The granting of letters of administration to a person is conclusive of his authority as administrator until set aside or annulled in a direct proceeding, and it consequently cannot be attacked in a proceeding by the administrator to sell real estate to pay debts, as such latter proceeding is collateral to that for the appointment of an administrator.

7. EXECUTORS AND ADMINISTRATORS—*when nonresidents properly served by publication of notice and mailing of notices.* Nonresident parties to a proceeding by an administrator to obtain leave to sell real estate to pay debts who are duly served by publication and the mailing of notices in conformity with statute are properly served, and it is unnecessary that the known attorneys of sucn parties be notified of such proceeding.

8. EXECUTORS AND ADMINISTRATORS, § 426*—*when decree in proceeding by administrator to obtain leave to sell land to pay debts sufficient.* A decree in a proceeding by an administrator to obtain leave to sell real estate to pay debts which was in the language of the statute, *held* not open to objection because it found that the deceased died "having claim or title to the premises sought to be sold," and did not find the actual title to the lands he died seized of.